**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF COMMERCE,<br>1401 Constitution Avenue, NW<br>Washington, D.C. 20230<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No.: 1:26-cv-3671 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust ("PPT") brings this action against Defendant U.S. Department of Commerce ("DOC"), acting through its component the National Oceanic and Atmospheric Administration ("NOAA"), under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). PPT seeks declaratory and injunctive relief requiring DOC to comply with FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government. It does so by promoting the fair and equal application of the rules and standards of

ethical conduct to all public servants. PPT also seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name.

5. Defendant DOC is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). NOAA is a component of DOC. DOC, through NOAA, has possession, custody, and control of records responsive to Plaintiff's FOIA requests.

**STATEMENT OF FACTS**

6. On June 17, 2026, PPT submitted a FOIA request to NOAA seeking, from January 20, 2021, through December 31, 2021, records of communications to, from, and including Christopher Avery and the Google Group "NCA5: Federal Steering Committee" (nca5-FSC-group@usgcrp.gov). PPT also sought a waiver of fees related to the request. This request is referred to as the "Avery Request" and is attached as Exhibit "A".

7. On June 17, 2026, DOC acknowledged receipt of the Avery Request and assigned it case number DOC-NOAA-2026-001809 (Exhibit "B").

8. On June 18, 2026, NOAA sent PPT a letter confirming that it received the Avery Request on June 17, 2026, invoking a ten-business-day extension for unusual circumstances under 15 C.F.R. § 4.6(c), and stating that it anticipated responding to the Avery Request by July 31, 2026 (Exhibit "C").

9. On June 17, 2026, PPT submitted a second FOIA request to NOAA seeking, from January 1, 2023, through December 31, 2023, records of communications to, from, and including David Easterling and the Google Group "NCA5: Federal Steering Committee" (nca5-FSC-group@usgcrp.gov). PPT also sought a waiver of fees related to the request. This request is

referred to as the "Easterling Request" and is attached as Exhibit "D". The Avery Request and the Easterling Request are referred to collectively as the "Requests."

10. On June 17, 2026, DOC acknowledged receipt of the Easterling Request and assigned it case number DOC-NOAA-2026-001810 (Exhibit "E").

11. On June 18, 2026, NOAA sent PPT a letter confirming that it received the Easterling Request on June 17, 2026, invoking a ten-business-day extension for unusual circumstances under 15 C.F.R. § 4.6(c), and stating that it anticipated responding to the Easterling Request by July 31, 2026 (Exhibit "F").

12. On June 18, 2026, NOAA granted PPT's fee waiver request for the Easterling Request, while noting that the fee waiver "does not guarantee the release of records" (Exhibit "G").

13. None of DOC's or NOAA's acknowledgments, status updates, unusual-circumstances letters, or fee waiver decision constitutes a "determination" within the meaning of 5 U.S.C. § 552(a)(6)(A). A determination requires the agency to gather and review the documents, determine and communicate the scope of the documents it intends to produce and withhold, and inform the requester of the right to appeal any adverse determination. See *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 895 F.3d 770, 782 (D.C. Cir. 2018). DOC has done none of these things as to either Request.

14. As of the date of filing this Complaint, PPT has received no substantive response, responsive documents, or further communication from DOC or NOAA regarding either Request.

15. The Requests seek documents in the public interest. Disclosure will contribute significantly to the public's understanding of NOAA's operations and activities, including the development, coordination, and management of the Fifth National Climate Assessment ("NCA5") and the role federal officials, including Christopher Avery and David Easterling, played in shaping

the assessment and related climate science activities through the NCA5 Federal Steering Committee.

16. DOC has failed to make any determination regarding either Request. Under FOIA, an agency must determine whether to comply with a request within twenty business days of receiving it, 5 U.S.C. § 552(a)(6)(A)(i), extendable by no more than ten business days in unusual circumstances, 5 U.S.C. § 552(a)(6)(B)(i). Even with the extension NOAA invoked, its deadline to respond to each Request was July 31, 2026, and more than fifty business days have elapsed since that deadline. See *Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). DOC has not produced any responsive documents to PPT. It has not communicated the scope of the documents it intends to produce or withhold, the reasons for any withholding, or PPT's right to appeal any adverse determination.

17. Because DOC has failed to make a determination on either Request within the time limits required by 5 U.S.C. § 552(a)(6)(A)(i) and (B)(i), PPT has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) and is entitled to immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records

18. PPT incorporates the foregoing paragraphs by reference.

19. PPT properly submitted the Avery and Esterling Requests to NOAA, a component of DOC. The Avery and Esterling Requests seeks records within DOC's possession, custody, and control.

20. DOC is subject to FOIA. It therefore must release any non-exempt records in response to a proper FOIA request and provide a lawful reason for withholding any materials.

21. DOC is wrongfully withholding non-exempt agency records responsive to the Avery Request by failing to produce any such records.

22. DOC has failed to respond to the Avery and Esterling Requests within the time limits prescribed by 5 U.S.C. § 552(a)(6)(A) and (B) and has not produced any non-exempt responsive records. This complete failure to comply violates FOIA.

23. PPT is therefore entitled to declaratory and injunctive relief requiring DOC to promptly produce all non-exempt records responsive to the Avery and Esterling Requests and provide a *Vaughn* index justifying the withholding of any responsive records under a claim of exemption.

## REQUESTED RELIEF

Plaintiff PPT respectfully requests that the Court:

A) Assume jurisdiction over this matter and maintain jurisdiction until DOC complies with the requirements of FOIA and all orders of this Court.

B) Order DOC to produce, within twenty days of the Court's order or by another date the Court deems appropriate, all non-exempt records responsive to PPT's Requests and a *Vaughn* index justifying any withholding, in whole or in part, of responsive records under a claim of exemption.

C) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

D) Grant PPT any other relief the Court deems just and proper.

Dated: October 20, 2026

Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/ *James E. Trainor III*
James E. Trainor III
D.C. Bar ID: TX0112
Dhillon Law Group, Inc.
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
(415)433-1700
jtrainor@dhillonlaw.com

*Counsel for the Plaintiff*